**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                          **CASE NO. 4:17-CR-00269-BSM**

**DELANDUS MCGHEE**                                                    **DEFENDANT**

## ORDER

Delandus McGhee's motion to vacate, set aside, or correct sentence under 28 U.S.C. section 2255 [Doc. No. 54] is denied.

McGhee argues that his conviction must be vacated because the government did not prove in its indictment that the firearm he possessed met the definition under 18 U.S.C. section 921.  By pleading guilty, however, he waived any challenges to the indictment that are not jurisdictional.  *See United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) (a guilty plea waives all defects except those that are jurisdictional, and a defective indictment is not a jurisdictional issue).

McGhee has also procedurally defaulted on challenging whether his plea was knowing and voluntary because he did not raise this issue on direct appeal.  *See Dejan v. U.S.*, 208 F.3d 682, 685 (8th Cir. 2000) (well-settled that defendant cannot collaterally attack validity of guilty plea if issue not raised on direct appeal); *Bousley v. U.S.*, 523 U.S. 614, 621–622 (1998) (only way to avoid procedural default is to show cause and prejudice or actual innocence). McGhee cannot establish actual innocence because he has not shown that he was factually innocent.  *See McNeal v. U.S.*, 249 F.3d 747 (8th Cir. 2001).

IT IS SO ORDERED this 17th day of June, 2020.


_____
UNITED STATES DISTRICT JUDGE